IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LA GENERALE DES CARRIERS ET DES MINES EXPLOITATION, doing business as GECAMINES EXPLOITATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) CA No.1:05CV01084 ) Hon. Richard J. Leon ) ) ) ) ) ) ) ) ) |

## JOINT MEET AND CONFER STATEMENT

Pursuant to this Court's Case Management Order dated June 8, 2005, F.R.Civ.P. 26 and Local Rule 16.3, Plaintiff Intelsat Global Sales and Marketing, Ltd. and Defendant La Generale Des Carriers et Des Mines Exploitation jointly file this Meet and Confer Statement.

### Statement of the Case

Plaintiff Intelsat Global Sales and Marketing, Ltd., formerly known as Intelsat UK, Ltd. ("Intelsat Global"), a United Kingdom corporation, has sued Defendant La Generale Des Carriers et Des Mines Exploitation, doing business as Gecamines Exploitation, ("Gecamines"), a

9004179.1

corporation organized under the laws of the Democratic Republic of the Congo ("DRC"). Plaintiff alleges that Gecamines is a instrumentality of the government of the DRC, and therefore this Court has subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C.§1601 et seq ("FSIA"). Defendant denies that the Court has jurisdiction over this Action and disputes that Gecamines is an instrumentality of a foreign government under the FSIA.

The Complaint alleges that Intelsat Global and Gecamines entered into a Novation Agreement, under which Intelsat Global agreed to provide Gecamines with telecommunications services under certain Service Contracts, and Gecamines agreed to pay to Intelsat Global the charges and fees for such services. The Complaint alleges that beginning in approximately April 2003, Gecamines stopped paying Intelsat Global for its services, but continued to use such services; that on September 16, 2004, Plaintiff terminated the Service Contracts between Plaintiff and Gecamines; and that as of April 5, 2005, Plaintiff has issued invoices totaling $4,355,025.15 to Gecamines; and that Gecamines owes and has failed to pay these invoices. The Complaint further alleges that after the termination of the contract, Gecamines then pirated Intelsat Global's satellite and communication services without paying for them. The Complaint contains three counts: 1) breach of contract; 2) unjust enrichment/quantum meruit; and 3) injunctive relief.

Gecamines has not yet filed an Answer, but disputes, *inter alia*, that it owes Plaintiff the amount claimed in the Complaint and many of the allegations regarding improper use of services. Gecamines has moved to dismiss the Complaint or, alternatively, to stay the case and proceed to arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 3 & 4, on the grounds that the parties' Agreement contains a dispute resolution clause providing that either party may elect to arbitrate disputes arising between them. The Motion is pending before the Court.

## LOCAL RULE 16.3 SUBJECTS

1. <u>Motions.</u> Defendant has filed a Motion to Dismiss the Complaint, or in the Alternative, To Stay Proceedings and Compel Arbitration based on an arbitration provision in the parties' Agreement. The Motion is presently pending before the Court. Defendant believes the Court will grant the Motion and dismiss the Complaint. It is Plaintiff's view that this Court has jurisdiction over this matter, and that the case will likely be resolved at least partially on a motion for summary judgment. Both parties believe that it is in the parties' interests and in the interest of judicial economy to refrain from engaging in discovery until the present Motion is decided and, thus, many of the dates for discovery and other deadlines logically depend on resolution of Defendant's pending Motion.

2. <u>Amendment of Pleadings; Joinder; Stipulations.</u> The parties believe that the deadline for amending pleadings or joinder of parties should be 45 days after Defendant's Answer is due. The parties believe that many of the factual issues in the case can eventually be stipulated to by the parties.

3. <u>Magistrate Judge.</u> The parties do not desire to have the case assigned to a magistrate judge for all purposes or for trial.

4. <u>Settlement Discussions.</u> The parties are engaged in settlement discussions, and believe it may be possible to reach a settlement.

5. <u>Alternative Dispute Resolution.</u> While the parties believe it may be possible to reach a settlement, the parties do not believe that the Court's ADR procedures would provide additional assistance in resolving the case at this time.

6. <u>Dispositive Motions.</u> Plaintiff believes that the issue of liability will be decided on summary judgment, and it may be possible to resolve the entire case on summary judgment,

9004179.1

although Defendant believes that genuine issues regarding various material facts will not be able to be resolved through summary judgment  The parties suggest that the deadline for filing dispositive motions should be 30 days after the close of discovery.

      7.      Disclosures. The parties suggest that the initial disclosures under Rule 26(a) are appropriate in this case, and they should be made 30 days after Defendant's Answer is due.

      8.      Discovery. The parties do not believe that the limitations on interrogatories or depositions contained in the Federal Rules of Civil Procedure need to be modified. The parties believe that eight months is sufficient for discovery in this case. As this case may involve international witnesses and may involve taking of evidence under the Hague Convention, Defendant believes that additional time may be necessary if international discovery becomes protracted, for instance, due to lack of cooperation by foreign authorities. A protective order may be appropriate in this case depending on the nature of discovery requests.

      9.      Expert Witnesses. The parties suggest that expert reports should be 75 days before the close of discovery for any issue upon which a party bears the burden of proof. Defensive or rebuttal experts should be identified 45 days before the close of discovery. Experts may be deposed at any time after they have been identified.

      10.      Class Actions. Rule 23 is inapplicable to this case.

      11.      Bifurcation. The parties do not believe that bifurcation is appropriate in this case.

      12.      Pretrial Conference. The parties believe the pretrial conference should be 45 days after the deadline for filing dispositive motions.

      13.      Trial Date. The parties believe that the trial date should be set at the pretrial conference.

14. <u>Other Matters</u>. The parties suggest that they file an Amended Scheduling Order if Defendant's Motion is denied in which the scheduling dates are clearly defined by date.

INTELSAT GLOBAL SALES AND
MARKETING, LTD.
By Counsel

_____
David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA 22314
703-379-9424
703-684-1851(fax)


LA GENERALE DES CARRIERS ET
DES MINES EXPLOITATION
By Counsel

_____
Peter M. Boyle
Bar No. 441061
Kilpatrick Stockton, LLP
607 14th Street, N.W., Suite 900
Washington DC 20005
202-508-5831
202-508-0057 (fax)

9004179.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTELSAT GLOBAL SALES AND<br>    MARKETING, LTD., formerly known<br>    as INTELSAT UK, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>LA GENERALE DES CARRIERS ET<br>    DES MINES EXPLOITATION, doing<br>    business as GECAMINES EXPLOITATION,<br><br>        Defendant. | CA No.1:05CV01084<br>Hon. Richard J. Leon |

**PROPOSED SCHEDULING ORDER**

The parties having submitted their Meet and Confer Statement as directed by the Court's Case Management Order, it is hereby

ORDERED that the following deadlines are established in this matter:

1. The deadline for amending the pleadings or adding additional parties shall be 45 days after Defendant's Answer is due.

2. Initial disclosures under Rule 26(a) shall be made within 30 days after Defendant's Answer is due.

3. All discovery may commence on the date Defendant's Answer is due, and all discovery shall be concluded within eight months of that date.

4. The restrictions on number of depositions and on written discovery contained in the Federal Rules of Civil Procedure shall apply to this case.

9004179.1

5.   Expert reports under Rule 26(a)(2) shall be served no later than 75 days before the close of discovery for any issue upon which a party bears the burden of proof. Expert reports for defensive or rebuttal experts shall be served no later than 45 days before the close of discovery. Experts may be deposed at any time after they have been identified.

6.   A pretrial conference in this case will be set in an Amended Scheduling Order.

7.   At the time Defendant's Answer is due, the parties will jointly file an Amended Scheduling Order clearly delineating the above dates.

ENTERED this _____ day of _____, 200 __.

_____
Hon. Richard J. Leon
United States District Judge

Copies:

David I. Bledsoe
601 King Street
Alexandria, VA 22314

Peter M. Boyle
Kilpatrick Stockton, LLP
607 14th Street, N.W., Suite 900
Washington DC 20005

9004179.1